## Cavanaugh v. Kirkman.

(Decided June 3, 1924.)

### Appeal from Hopkins Circuit Court.

1. Logs and Logging—Measure of Damages for Breach of Contract to Saw Timber.—In absence of special circumstances of which contractor was informed, measure of damages for breach of contract to saw timber is difference between contract price and reasonable cost of doing work.

2. Appeal and Error—Verdict for Defendant when Plaintiff Entitled to Nominal Damages Substantially Correct.—Verdict for defendant was substantially correct, where plaintiff was not entitled to recover anything beyond nominal damages, and any error in admitting evidence varying the written contract was without prejudice.

H. F. S. BAILEY for appellant.

CHAS. G. FRANKLIN for appellee.

Opinion of the Court by Judge Clay—Affirming.

O. M. Cavanaugh brought this suit against Claude Kirkman to recover $8,500.00 damages for breach of contract to saw timber. Kirkman defended on the ground that it was agreed by the parties that Cavanaugh should execute bond to carry out his part of the agreement, but that he failed to do so, and that the provision for a bond was omitted from the contract by mistake of the draftsman. A trial before a jury resulted in a verdict and judgment for Kirkman, and Cavanaugh appeals.

The chief ground on which a reversal is asked is that the oral evidence respecting the bond varied the written contract, and that neither the petition nor the evidence was sufficient to authorize its admission on the ground of mutual mistake. In view of the conclusion of the court, it is unnecessary to decide this question. In the absence of special circumstances of which the contractor was informed, the measure of damages for breach of a contract to saw timber is the difference between the contract price and the reasonable cost of doing the work. The case pleaded is that appellee knew of appellant's intention and desire to sell the lumber at the high market price then prevailing, and was therefore liable for all damages growing out of the depreciation in the market price. Whether, if the circumstances relied on had been communicated to appellee, it would have been sufficient to make appellee liable for the profits appellant could have made if the lumber had been properly sawed, it is unnecessary to inquire. It is sufficient to say that the proof fails to show that appellee was apprised of appellant's intention or desire to sell the lumber as soon as it could be sawed, or of any other circumstance that would make appellee liable for special damages by way of profits. That being true, and there being no evidence that appellant was compelled to pay more than the contract price for sawing the timber, appellant was not entitled to recover anything beyond nominal damages. It follows that the verdict of the jury was substantially correct, and that any error in the admission of evidence was not prejudicial to the substantial rights of appellant.

Judgment affirmed.